**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NINA M. COLON

        **Plaintiff,**

v.                                            **Case No: 6:25-cv-2520-CEM-DCI**

OSCEOLA COUNTY SHERIFF'S
OFFICE, et al.

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Nina M. Colon's Application to Proceed in District Court without Prepaying Fees or Costs, which the undersigned construes as a motion to proceed in forma pauperis. Doc. 10 (the Motion). Upon review, the Motion is due to be **DENIED without prejudice**. Additionally, the undersigned recommends the Court **DISMISS** the Amended Complaint (Doc. 15) for shotgun pleading defects.

I.      **BACKGROUND**

On December 31, 2025, Plaintiff Nina M. Colon (Plaintiff) initiated this case by filing a complaint and motion to proceed in forma pauperis. Docs. 1, 2. Plaintiff subsequently filed the instant Motion, rendering moot the initial motion to proceed in forma pauperis. *See* Doc. 11 ("ENDORSED ORDER denying as moot 2 Motion to Proceed In Forma Pauperis, as a second motion was filed and will be considered"). On March 23, 2026, Plaintiff filed an amended complaint against Osceola County, Osceola County Sheriff's Office, Sheriff Marcos Lopez in his official capacity, Deputy Kenneth Wolfe in his individual capacity, Sergeant Hanlell Frais in his

individual capacity, and Freddie Francisco in his individual capacity (collectively, Defendants). Doc. 15 at 1 (the Amended Complaint).

In the Amended Complaint, Plaintiff "seeks redress for a systemic pattern of constitutional violations inflicted upon Plaintiff by law enforcement officers, supervisory officials, municipal policymakers, and a judicial officer acting under color of state law." *Id.* at 2. Plaintiff purports to raise fifteen counts for alleged violations of the First, Fourth, Fourteenth Amendments, and 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* at 1, 6-7. As to relief, Plaintiff appears to seek compensatory, punitive, and emotional distress damages, damages for trauma to minor children, attorney fees and costs. *Id.* at 7. In another section of the Amended Complaint—under a heading titled "SS 1983 State-Created Danger/Increased Vulnerability Theory"—Plaintiff further states: "Plaintiff seeks:- $5,000,000 compensatory-$5,000,000 punitive- Emotional distress, loss of liberty, reputational harm, familial harm _____INJUNCTIVE RELIEF_____Expungement of arrest- Federal order prohibiting further harassment." Doc. 15 at 9 (emphasis in original).

## II.    LEGAL STANDARD

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B) (i-iii).[1] The

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[2] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

### III.    DISCUSSION

First considering the Motion, the undersigned finds that Plaintiff is a pauper. However, the undersigned finds that the Amended Complaint is shotgun in nature and subject to dismissal with leave to amend. "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Cir. 2015) (internal quotation omitted).  There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id*. at 1323.

Here, the Amended Complaint falls into the second and fourth categories of shotgun pleadings.  As to the second category, Plaintiff does not link the facts alleged to the counts purportedly raised.  *See generally*, Doc. 15 at 6-7 (listing counts without facts supporting each).  Additionally, the end of the Amended Complaint includes several sections of allegations and commentary that appear immaterial to the counts purportedly raised.  *See e.g., Id.* at 8 (section titled "Qualified Immunity Does Not Bar Plaintiff's Claims"), at 9 (section titled "SS 1983 State-Created Danger/Increased Vulnerability Theory").  As to the fourth category—those that assert multiple claims against multiple defendants without specifying which applies to which, *Weiland*, 792 F.3d at 1323—Plaintiff has not clearly specified which claims she raises against which Defendant(s).  *See generally,* Doc. 15.  For example, Plaintiff uses the term "Deputy Defendants" to presumably identify some sub-group of the Defendants in this case, but the term is nowhere defined, leaving the Court and Defendants to speculate which Defendants Plaintiff intended to include in a particular count.  *Id.* at 6-7.  Adding to the confusion, Plaintiff fails to link any counts to Osceola County or Osceola County Sheriff's Office.  *Id.*  These defects yield a pleading that

fails to give Defendants notice of the claims against them and the allegations that support the purported claims. Thus, the undersigned finds that the Amended Complaint does not comply with the Federal Rules of Civil Procedure's requirements. *See* Fed. R. Civ. P. 8, 10.

Even so, a *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted).; *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*."). Accordingly, the undersigned recommends that Plaintiff should be given leave to amend the Amended Complaint.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1.  the Motion (Doc. 10) be **DENIED without prejudice**; and

2. the Amended Complaint (Doc. 15) be **DISMISSED without prejudice** with leave to amend.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on April 1, 2026.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Party

6