# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**NINA M. COLON**

**Plaintiff,**

**v.** **Case No: 6:25-cv-2520-CEM-DCI**

**SHERIFF MARCOS LOPEZ, et al.**

**Defendants.**

---

## ORDER

Pending before the Court are seven motions:

- Plaintiff's "Expedited Motion to Clarify and Correct Operative Fourth Amended Complaint, for Leave to Restore Osceola County and/or the Legally Proper Governmental Defendant, and to Clarify Repeated Termination of Governmental Defendants Before Marshal Service" (Doc. 30);

- Plaintiff's "Motion for leave to receive Notices of Electronic Filing and Consent to Electronic Service" (Doc. 32);

- Plaintiff's "Motion for Leave to File Electronically and Consent to Electronic Service" (Doc. 34);

- Plaintiff's "Motion for Leave to Conduct Limited Early Discovery Pursuant to Federal Rule of Civil Procedure 26(d) for Purposes of Service, Defendant Identification, and Preservation of Evidence" (Doc. 35);

- Plaintiff's "Motion for Leave to Conduct Limited Early Discovery Concerning the Official-Capacity Defendant, Service, Successor-Officeholder Identification, and Preservation of Relevant Records" (Doc. 37);

- Defendant Freddie Francisco's *pro se* "Emergency Motion for Extension of Time to Respond to Fourth Amended Complaint, Motion to Maintain Residential Address Under Seal Pursuant to Local Rule 1.11, and for Leave to File Electronically via CM/ECF" (Doc. 38); and

- Plaintiff's "Motion to Clarify Repeated Terminations of Governmental Defendants, for Leave Under Rule 15(a)(2) to Restore Claims Against Osceola County and the Legally Proper Sheriff's Office Defendant, and for related Service Directions" (Doc. 39).

**Background**

On December 31, 2025, Plaintiff Nina M. Colon (Plaintiff) initiated this case by filing a complaint and motion to proceed in forma pauperis. Docs. 1, 2. Plaintiff subsequently filed a second motion to proceed in forma pauperis, rendering moot the initial motion. *See* Doc. 11 ("ENDORSED ORDER denying as moot 2 Motion to Proceed In Forma Pauperis, as a second motion was filed and will be considered"). On March 23, 2026, Plaintiff filed an amended complaint against Osceola County, Osceola County Sheriff's Office, Sheriff Marcos Lopez in his official capacity, Deputy Kenneth Wolfe in his individual capacity, Sergeant Hanlell Frais in his individual capacity, and Freddie Francisco in his individual capacity (collectively, Defendants). Doc. 15 at 1 (the Amended Complaint).

In the Amended Complaint, Plaintiff "seeks redress for a systemic pattern of constitutional violations inflicted upon Plaintiff by law enforcement officers, supervisory officials, municipal policymakers, and a judicial officer acting under color of state law." *Id.* at 2. Plaintiff purported to raise fifteen counts for alleged violations of the First, Fourth, Fourteenth Amendments, and 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* at 1, 6-7. As to relief, Plaintiff appeared to seek compensatory, punitive, and emotional distress damages, damages for trauma to minor children, attorney fees and costs. *Id.* at 7. In another section of the Amended Complaint—under a heading titled "SS 1983 State-Created Danger/Increased Vulnerability Theory"—Plaintiff further states: "Plaintiff seeks:-$5,000,000 compensatory-$5,000,000 punitive- Emotional distress, loss of liberty, reputational harm, familial harm ______INJUNCTIVE RELIEF______Expungement of arrest- Federal order prohibiting further harassment." Doc. 15 at 9 (emphasis in original).

The undersigned then entered a report recommending that the Amended Complaint be dismissed as a shotgun pleading with leave to amend. Doc. 17. The Court adopted that report without objection and dismissed the Amended Complaint. Doc. 18.

On May 1, 2026, Plaintiff filed a Second Amended Complaint and another motion to proceed in forma pauperis. Docs. 19, 20. Plaintiff then requested and obtained leave to file a Third Amended Complaint. Docs. 21, 22, 24. Finally, Plaintiff filed another document titled as a "Third Amended Complaint," but which the Court construed as a Fourth Amended Complaint. Docs. 28, 29. Based on the Fourth Amended Complaint, the Court granted the pending motion to proceed in forma pauperis and directed the United States Marshals Service to serve the pleading. Doc. 29.

In the Fourth Amended Complaint, Plaintiff names four Defendants in five counts:

- Count I – "Fourth Amendment Unreasonable Seizure / Arrest" against Defendant Deputy Kenneth Wolfe, individually;
- Count II – "Fourth Amendment Family-Integrity / Procedural Due Process" against Defendant Deputy Kenneth Wolfe, individually;
- Count III – "First Amendment Retaliation" against Defendant Deputy Kenneth Wolfe, individually, and Defendant Seargent Hanlles Frais, individually;
- Count IV – "§ 1983 Joint Action / Civil-Rights Conspiracy" against Defendant Deputy Kenneth Wolfe, individually, and Defendant Freddie Francisco, individually; and
- Count V – "Official-Capacity Liability Under Monell" against Sheriff Marco Lopez, in his official capacity.

Doc. 28.

Thereafter, the Clerk issued summons as directed. Doc. 31. The summons as to Marcos Lopez has been returned unexecuted by the United States Marshals Service because: "The individual is no longer serving in an official capacity + is therefore not authorized to accept service on behalf of the agency / organization." *See* Doc. 33. The United States Marshals Service has returned executed summons demonstrating service as to the other three Defendants. *See* Docs. 41, 42, 44. However, the United States Marshals Service returned the summons unexecuted a second time as to Marcos Lopez, noting "no longer employed." Doc. 43.

**The Motions for Clarification (Docs. 30 and 39)**

Plaintiff has filed two motions seeking, in sum, clarification concerning the impact of the removal of Osceola County and the Osceola County Sheriff's Office on the existence of her Monell claim against the former Sheriff Marcos Lopez, in his official capacity. Plaintiff is concerned that the removal of the County and the Sherriff's Office from the pleading (and the docket) somehow means that she abandoned her Monell claim. The situation—and Plaintiff's confusion—is likely exacerbated by the United States Marshal's Service repeated failure to properly serve the Sheriff in his official capacity.

Perhaps Plaintiff is unaware that the Sheriff of Osceola County is no longer Marcos Lopez, and the current Sherriff is Christopher Blackmon. As such, the appropriate official-capacity defendant for Plaintiff's Monell claim is Christopher Blackmon, in his official capacity as Osceola County Sheriff. In the interest of judicial economy, the Court construes the motions to be requests to amend the Fourth Amended Complaint to be brought against Sheriff Christopher Blackmon, in his official capacity as Osceola County Sheriff, in place of former Sheriff Marcus Lopez. The Court will grant Plaintiff's request to that extent, deem the operative pleading amended to reflect the current Sheriff as the named defendant, and again direct service on behalf of Plaintiff.

To the extent the motions to clarify request further relief, the Court finds the requests unnecessary and unsupported by legal authority.[1] As such, they are denied without prejudice to the extent further relief is requested.

**<u>The Motions Concerning Electronic Filing (Docs. 32 and 34)</u>**

Plaintiff's motion consenting to receive electronic notices is no longer necessary to be filed as a motion, and the Court has already accepted the consent and based simply on her consent and request, Plaintiff should already be receiving electronic notifications. Thus, the motion at Doc. 32 is moot.

As to the motion requesting CM/ECF filing privileges, that motion is due to be denied because it fails to comply with the formatting requirements of Local Rule 1.08(a). This is of concern because the request is premised, in part, on Plaintiff's compliance with the rules and orders of this Court. Regardless, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B(4) (November 18, 2025). Further, "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, No. 2:13-cv-00692-JES-D_F, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011)[2] (per curiam) (affirming denial of CM/ECF

---

[1] To the extent Plaintiff seeks leave to amend the pleading to bring a claim against the Osceola County Sheriff's Office, the request is also denied as that entity is not a proper defendant to a § 1983 action and, therefore, amendment would be futile. *See Levine v. Sarasota Cnty. Sheriff's Office*, (M.D. Fla. July 18, 2006) (dismissing the Sarasota County Sheriff's Office from a § 1983 action as an improper party because "Florida law provides that the proper party to be sued for the alleged wrongful acts of sheriff's deputies is the sheriff, the constitutional officers") (citing Fla. Stat. § 768.28(9)).

[2] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Landazuri v. City of Port Orange*, No. 6:25-cv-2515-AGM-LHP, 2026 WL 243738, at *1 (M.D. Fla. Jan. 29, 2026) (finding that plaintiffs made no showing of good cause or extenuating circumstances by "merely referencing their pro se status and the convenience of electronic filing"); *see also Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted). The Court finds that Plaintiff has not shown any extenuating circumstances or good cause to authorize her access to file via CM/ECF. Plaintiff has already filed several documents without CM/ECF access. Accordingly, the Court is not persuaded that CM/ECF access is necessary for Plaintiff to litigate this matter. Further, the Court is not convinced that the filing of future documents by U.S. Mail will be unduly burdensome and prejudicial to Plaintiff. Thus, the request for CM/ECF filing privileges is due to be denied.

**<u>The Motions to Conduct Early Discovery Docs. 35 and 37</u>**

Plaintiff requests leave pursuant to Federal Rule of Civil Procedure 26(d) to conduct early discovery.

As an initial matter, both motions are due to be denied for a failure to comply with Local Rule 3.01(b), which requires that "[a] motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Motions lacking legal support are subject to denial. *See Endurance Am. Specialty Ins. Co. v. Joy Grocery, Inc.*, No. 6:15-cv-01906-GAP-DCI, 2017 WL 8790989, at *2 (M.D. Fla. Nov. 21, 2017) (denying a plaintiff's motion for default judgment for failure to include a legal memorandum); *Sideratos v. Gualtieri*, No. 8:23-cv-2986-SDM-AAS, 2025 WL 2997724, at *1

(M.D. Fla. Oct. 24, 2025) ("[Local Rule 3.01] is violated where 'motions…lack any legal support for the movant's arguments.' Failure to comply with Local Rule 3.01[b] is grounds for denial of a motion.") (quoting *Vega. v. Geico Gen. Ins. Co.*, No. 8:21-cv-1450-MSS-AAS, 2022 WL 1081565, at *2 (M.D. Fla. Apr. 11, 2022) (internal quotations omitted)). As such, the motions are due to be denied on that basis alone.

Regardless, discovery is generally barred until a Rule 26(f) conference takes place between the parties, but a court has discretion to allow for early discovery prior to the conference. Fed. R. Civ. P. 26(d)(1). Allowing early discovery is inappropriate unless the moving party can show good cause for the discovery sought. *See*, *e.g.*, *Malibu Media, LLC v. Doe*, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013) (finding good cause and granting a party's motion for leave to serve a third party subpoena prior to a Rule 26(f)); *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 2008 WL 927558, at *1-*2 (M.D. Fla. Apr. 4, 2008) (finding no good cause and denying a party's motion for leave to conduct limited discovery prior to a Rule 26(f) conference).

Here, Plaintiff has failed to show good cause for early discovery. Plaintiff's generalized and unsupported concerns about evidence preservation are insufficient. Nor are Plaintiff's concerns about identifying Marcos Lopez's "successor-in-interest" or locating other Defendants for service. The current sheriff of Osceola County is readily discernable without discovery, and the Court deems the Fourth Amended Complaint to name the current Sheriff pursuant to this order And the other Defendants have been served. Accordingly, there appears to be no good cause for early discovery.

**<u>Defendant Freddie Francisco's Motion (Doc. 38)</u>**

Defendant Francisco seeks: (1) an extension of time to respond to the Fourth Amended Complaint; (2) to maintain his residential address under seal due to safety concerns; and (3) to file

electronically via CM/ECF and to receive electronic notifications. Plaintiff responded in opposition to the motion.

The motion is due to be denied in its entirety because Defendant Francisco refused to confer with Platiniff due to alleged safety and harassment concerns. The Local Rules require conferral. And, absent an order from the Court, such conferral may occur via email. A party may not choose on their own to disregard the Court's Local Rules.[3]

Nevertheless, the Court will grant some limited, temporary relief to Defendant Francisco. First, the Court will extend Defendant Francisco's time to respond to the Fourth Amended Complaint. Second, the Court will direct that Defendant Francisco receive electronic notices due to his consent to electronic notice contained within the motion.

However, Defendant Francisco must provide the Court with a physical address and must identify such address in his signature block. That said, the Court notes that there is no requirement that Defendant Francisco include his *residential* address in his filings. Federal Rule of Civil Procedure 11 states that "[e]very pleading, written motion, and other paper . . . must state the signer's address, e-mail address, and phone number." Fed. R. Civ. P. 11(a). *See Ntoni v. Charlemagne*, 2025 WL 2531486, at *1 (M.D. Fla. Sept. 3, 2025) ("Neither the Local Rules nor the Federal Rules of Civil Procedure permit a party to prosecute a case before the Court without providing **contact information**, including **an** address.") (emphasis added). If Defendant is concerned about his residential address appearing on the docket, he is free to utilize a different address, such as P.O. Box.

[3] The Court notes that it has entered an Order on Discovery Motions and requires conferral in person or via telephone if a discovery dispute arises. Doc. 5. If Defendant Francisco requires relief from this order to allow him to confer via email in the event a discovery dispute arises, Defendant Francisco may file an appropriate motion at the appropriate time.

As to the request to file via CM/ECF, the Court notes, as it did for Plaintiff, that Defendant Francisco has not shown any extenuating circumstances or good cause to authorize his access to file via CM/ECF. He has already filed documents without CM/ECF access. Accordingly, the Court is not persuaded that CM/ECF access is necessary for Defendant Francisco to litigate this matter. Further, the Court is not convinced that the filing of future documents by U.S. Mail—even across state lines—will be unduly burdensome and prejudicial to Defendant Francisco. Thus, the request for CM/ECF filing privileges is due to be denied.

**Conclusion**

Accordingly, it is **ORDERED** that:

1. The Motions for Clarification (Docs. 30 and 39) are **GRANTED in part** to the limited extent that the Fourth Amended Complaint is deemed amended to be against Sheriff Christopher Blackmon, in his official capacity as Osceola County Sheriff, instead of former Sheriff Marcus Lopez, in his official capacity as Osceola County Sheriff. The Clerk is directed to (1) update the docket to reflect this amendment; (2) complete a summons and Marshal 285 form for Sheriff Christopher Blackmon, in the official capacity as Osceola County Sheriff; and (3) provide the completed summons and Marshal 285 form to the United States Marshal. Upon receipt of the completed summons and Marshal 285 form, **the United States Marshal is directed to serve the summons, the Fourth Amended Complaint, and a copy of this order without cost to Plaintiff**. The Motions for Clarification (Docs. 30 and 39) are **DENIED without prejudice** to the extent they seek further relief.
2. The Motions Concerning Electronic Filing (Docs. 32 and 34) are **DENIED without prejudice**.

3. The Motions to Conduct Early Discovery (Docs. 35 and 37) are **DENIED**.

4. Defendant Freddie Francisco's Motion (Doc. 38) is **GRANTED in part** to the extent that (a) **on or before November 16, 2026,** Defendant Francisco shall respond to the Fourth Amended Complaint; and (b) the Clerk is directed to provide Defendant Francisco with electronic notices. The Motion (Doc. 38) is **DENIED without prejudice** to the extent it requests further relief.

Ordered in Orlando, Florida on October 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE